## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSE APONTE,                         :
                                     :
            Plaintiff,               :        CIVIL NO. 4:CV-08-183
                                     :
      v.                             :        (Judge Jones)
                                     :
ROBERT KARNES, et al.,               :
                                     :
            Defendants.              :

## MEMORANDUM

### February ⎽7⎽ , 2008

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This pro se civil rights action pursuant to 42 U.S.C. § 1983 was initiated by

Jose Aponte  ("Plaintiff" or "Aponte"), an inmate confined at the Lebanon County

Correctional Facility, in Lebanon, Pennsylvania.  Plaintiff has also submitted an

in forma pauperis application.  For the reasons set forth below, Aponte's action

will be dismissed, without prejudice, as legally frivolous under 28 U.S.C. § 1915.

Named as Defendants are two (2) Lebanon County prison officials, Warden

Robert Karnes and Deputy Warden Anthony Hauck.  Plaintiff is also proceeding

against an unspecified number of John Doe Defendants who are generally listed

as being unit correctional staff.[1]  (See Rec. Doc. 1, ¶ III(3)).

Aponte describes himself as being a thirty (30) year old devout Muslim who is presently housed in the Lebanon County Correctional Facility.  His Complaint asserts that several unidentified correctional officers have subjected him to humiliation, disrespect, and embarrassment because of his religious beliefs.  As a result of this alleged verbal harassment, Aponte states that there have been times when he has refrained from praying or wearing his kufi (religious head covering).  Plaintiff adds that an unidentified officer "went as far as to pull on my beard."  Id. at ¶ IV(3).  His Complaint seeks compensatory damages and injunctive relief, specifically, that correctional staff undergo racial and religious sensitivity training.

**DISCUSSION:**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis.  § 1915(e)(2) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may

---

[1] John/Jane Doe defendants may only be allowed "to stand in for the alleged real parties until discovery permits the intended defendants to be installed."  Johnson v. City of Erie, 834 F. Supp. 873, 878 (W.D. Pa. 1993) (citations omitted).  Absent compelling reasons, a district court may dismiss such defendants if a plaintiff, after being granted a reasonable period of discovery, fails to identify them.  Scheetz v. Morning Call, Inc., 130 F.R.D. 34, 37 (E.D. Pa. 1990) ("Fictitious parties must eventually be dismissed, if discovery yields no identities.").

have been paid, the court shall dismiss the case at any time if the
court determines that--
(A) the allegation of poverty is untrue; or
(B) the action or appeal--
  (i) is frivolous or malicious;
  (ii) fails to state a claim on which relief may be granted; or
  (iii) seeks monetary relief against a defendant who is immune from such
relief.

28 U.S.C. § 1915(e)(2).

Consequently, federal courts reviewing civil rights complaints filed by

persons wishing to proceed in forma pauperis may determine that process should

not be issued if the complaint is malicious, presents an indisputably meritless

legal theory, or is predicated on clearly baseless factual contentions. Neitzke v.

Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774

(3d Cir. 1989).[2] In Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995),

the Third Circuit added that "the plain meaning of the term 'frivolous' authorizes

the dismissal of in forma pauperis claims that . . . are of little or no weight, value,

or importance, not worthy of serious consideration, or trivial." Id. "The

frivolousness determination is a discretionary one," and trial courts "are in the

---

[2] Indisputably meritless legal theories are those "in which it is either readily apparent that the
plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to
immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v.
Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992).

## A.   Personal Involvement

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. <u>Groman v. Township of Manalapan</u>, 47 F.3d 628, 638 (3d Cir. 1995); <u>Shaw by Strain v. Strackhouse</u>, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Civil rights claims cannot be premised on a theory of <u>respondeat superior</u>. Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. <u>See</u> <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988). While prisoners have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts which is not compromised by the failure of prison officials to address an inmate's grievance. <u>See</u> <u>Flick v. Alba</u>, 932 F.2d 728, 729 (8th Cir. 1991) (noting that federal grievance regulations providing for administrative remedy

procedure do not create liberty interest in access to that procedure).

Based upon an application of the above standards, Aponte's Complaint, to the extent that it contends that Warden Karnes and Deputy Warden Hauck violated his constitutional rights by failing to take corrective action following his submission of an administrative grievance, is constitutionally insufficient. Likewise, any claims against the aforementioned Defendants based upon their decision making or lack thereof with respect to Plaintiff's administrative grievance lack merit.

Moreover, if Aponte is attempting in part to establish liability against Defendants Deputy Warden Hauck and Warden Karnes solely based upon their supervisory roles, under the standards developed in Rizzo and Rode, such respondeat superior assertions are likewise insufficient for establishing civil rights liability.

**B.    Emotional Injury**

As noted earlier, Aponte seeks, in part, compensatory damages for emotional injuries (e.g. feelings of anger and anxiety) that he suffered as a result of Defendants' alleged misconduct. There are no physical injuries described or alleged in the Complaint.

42 U.S.C. § 1997e(e) provides that "[n]o federal civil action may

be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Id.  In Allah v. Al-Hafeez, 226 F.3d 247, 250 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit recognized that where a plaintiff fails to allege actual injury, § 1997e(e) bars recovery of compensatory damages.  However, the Third Circuit added that an inmate alleging a violation of his constitutional rights may still pursue the action to recover nominal and/or punitive damages even in the absence of compensable harm.

Under the standards announced in 42 U.S.C. § 1997e(e) and Allah, Aponte's civil rights claims that assert violation of his constitutional rights can proceed only to the extent that they seek non-compensatory damages.  See Ostrander v. Horn, 145 F. Supp. 2d 614, 618 (M.D. Pa. 2001).

## C.    Verbal Harassment

It has been recognized that the use of words generally cannot constitute an assault actionable under § 1983.  Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973), cert. denied, 414 U.S. 1033 (1973); Maclean v. Secor, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . .

is insufficient to state a constitutional deprivation."); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983."); Jones v. Superintendent, 370 F. Supp. 488, 491 (W.D. Va. 1974).

Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations.  Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973); see also Balliet v. Whitmire, 626 F. Supp. 219, 228-29 (M.D. Pa.) ("[v]erbal abuse is not a civil rights violation . . . ."), aff'd, 800 F.2d 1130 (3d Cir. 1986).  A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, see Prisoners' Legal Ass'n, 822 F. Supp. at 189, or under the Fifth Amendment's substantive due process clause, see Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991), cert. denied, 502 U.S. 879 (1991).

Verbal harassment or threats, with some reinforcing act accompanying them, however, may state a constitutional claim.  For example, a viable claim has been found if some action taken by the defendant escalated the threat beyond mere words.  See Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992) (guard put a revolver to the

inmate's head and threatened to shoot); <u>Douglas v. Marino</u>, 684 F. Supp. 395 (D.N.J. 1988) (prison employee threatened an inmate with a knife). It has also been found that verbal harassment can rise to a constitutional level in a situation where fulfillment of the threat was conditioned on the inmate's exercising some constitutionally protected right. <u>Bieros v. Nicola</u>, 860 F. Supp. 226, 233 (E.D. Pa. 1994); <u>see also</u> <u>Prisoners' Legal Ass'n</u>, 822 F. Supp at 189; <u>Murray</u>, 809 F. Supp. at 384.

Aponte generally contends that he was subjected to derogatory remarks regarding his religious beliefs and customs. There is no indication that the verbal threats were accompanied by any reinforcing act as contemplated under <u>Northington</u> and <u>Douglas</u>. The alleged threats were also not conditioned on the prisoner's exercise of his constitutionally protected right to freely exercise his religious beliefs. Because Aponte did not suffer a change or denial of a constitutionally protected right or status, his allegations of verbal harassment do not rise to the level of a viable civil rights claim.

### D. Excessive Force

Plaintiff also asserts that an unidentified correctional officer, presumably one of the John Doe Defendants, pulled on his beard on more than one occasion in an apparent effort to embarrass Plaintiff because of

his religious beliefs.

In order to constitute cruel and unusual punishment, a correctional officer's use of force must involve the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986) (citation omitted). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." Id.

"Not every push or shove, even if it may later seem unnecessary in the peace of the judge's chambers, violates a prisoner's constitutional rights." Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973), cert. denied, 414 U.S. 1033 (1973). However, the United States Supreme Court has recognized that the use of force may constitute cruel and unusual punishment even if the prisoner does not sustain "significant" injuries. Hudson v. McMillian, 503 U.S. 1, 9 (1992). The core judicial inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." Fuentes v. Wagner, 206 F.3d 335, 345 (3d Cir. 2000), cert. denied, 531 U.S. 821(2000); Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000)(indicating

that even a <u>de minimis</u> use of force, if repugnant to the conscience of

mankind, may be constitutionally significant).  The degree of injury, if

any, although not necessarily dispositive, is still a relevant factor in the

determination of the excessiveness of the force used.  <u>See</u> <u>Brooks</u>, 204

F.3d at 106.  As explained in <u>Fuentes</u>:

> We must first determine if the deprivation was sufficiently serious
> to fall within the Eighth Amendment's zone of protections.  If not,
> our inquiry is at an end.  However, if the deprivation is sufficiently
> serious, we must determine if the officials acted with a sufficiently
> culpable state of mind.  In other words, we must determine if they
> were motivated by a desire to inflict unnecessary and wanton pain.
> 'What is necessary to establish an "unnecessary and wanton
> infliction of pain" . . . varies according to the nature of the alleged
> constitutional violation.'

206 F.3d at 344 (citations omitted).

In this case, Aponte does not allege that he sustained <u>any</u> physical injury

whatsoever.  There is no allegation that the physical contact was undertaken in a

deliberate attempt to inflict pain.  Even if proven, it simply could not be said that

the purported <u>de minimis</u> physical contact by the John Doe corrections officer

offended contemporary standards of decency so as to constitute cruel and unusual

punishment.  <u>See</u> <u>Hudson</u>, 503 U.S. at 9 (noting that constitutional protection does

not extend to every malevolent touch by a prison guard); <u>Smith v. Mensinger</u>, 293

F.3d 641, 648 (3d Cir. 2002)(indicating that "the Eighth Amendment does not

protect an inmate against an objectively <u>de minimis</u> use of force"); <u>Ruta v. Morris</u>,

2007 WL 3342771, at *3 (M.D. Pa. Nov. 7, 2007)(Vanaskie, J.)(noting that although the least unpermitted and intentional touching of another is a battery, it is not necessarily a constitutional violation).  It is apparent that the physical contact at issue herein is the same type of <u>de minimis</u> conduct that the above cited decisions found to be constitutionally lacking.[3]  The minor physical contact alleged herein by Aponte simply lacks the degree of malice necessary to set forth a viable constitutional excessive force violation.

## III.   Conclusion

Because Plaintiff's Complaint (doc. 1) is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous.  <u>Wilson</u>, 878 F.2d at 774.

An appropriate Order closing this case shall issue on today's date.

---

[3] Of course, even though Plaintiff's assertion does not rise to the level of an actionable § 1983 claim, this Court does not condone any type of religious harassment and notes that similar future repetitive physical contact could be a sufficient basis for a viable constitutional claim.